Curia, per O’Neall, J.
It has. been contended that the paper executed by Barker to Col. Griffin was not a mortgage. It is true, that it is not a very skilfully drawn paper, but I think it is substantially a good mortgage. It commences as a *79 bill of sale from Richard Griffin to Laban Barker for the negro. But the subsequent part explains the intention of the parties to be, that if Barker should fail to pay his promissory note for the price of the negro, six hundred dollars, on or before the time .when due, 1st October, 1835, then that Griffin should be authorized to take the negro into his possession, and after fifteen days public notice, to sell him and apply the proceeds to the payment of the note. This was executed' by-Barker alone. In a legal point of view, it had precisely the effect, of a technical mortgage, For as soon as Barker failed to pay the money, the right of Griffin to take the negro into his possession for the purpose of sale, was perfect. This gave him a legal title. In the case of a mortgage, the mortgagee’s right after condition broken becomes absolute, and he may take the slave into possession for the purpose of sale. The legal results from both papers are the same; and hence both must be treated and considered alike. Having shown that the paper to Griffin is to be considered a mortgage, it is not necessary to add any thing to the views of the Judge below, as to the want of notice and recording before the sale to the plaintiff: they are satisfactory to this Court.
This court agrees with the Judge below, that parol proof of the fact that the defendant bought the slave as the agent of the plaintiff, was admissible; Jackson vs. Henburgh, John. cases, 154. His reasons show very clearly, that the consideration stated in the bill of sale is examinable. It must be constantly borne in mind, that this action is on the covenant of warranty in the bill of sale, and also in trover on the plaintiff’s title. On the first, the warranty, it is plain, for the reasons given by the Judge below, that the parol proof must be admitted, and when received for that purpose, if it also cuts up and destroys the plaintiff’s title, it cannot be avoided. I am not prepared to say that in an action of trover merely, the evidence would have been clearly admissible. But when that action is blended with another in which the proof is admissible, it must be judged of, as well as the other, by the proof received. When the evidence was let in, the only question which could arise on it was that which is stated in the third' particular of the defendant’s second ground; was the mortgage extinguished by being purchased by the defendant, who had conveyed to the plaintiff? As I have stated in *80 my report, that depended upon the fact, whether 'the defendant bought as the agent of the plaintiff. The jury have found that he did. This destroys the effect of the defendant’s conveyance as his own act. It stands now upon the footing as an act merely done in execution of his agency. 'When the defendant delivered the slave to the plaintiff, his duty as an agent was at an end. He bad acted merely as the instrument by which the plaintiff acquired property in the slave. There was nothing in the relation between them to prevent his subsequent acquisition of title in his own right. For it will never do to say, that a man who is once an agent for another is always to be regarded as clothed with that character. But if he had bought the slave as the plaintiff’s agent, and before he had turned him over to the plaintiff he had heard of the mortgage and had bought it, could the plaintiff have asked him for possession of the slave until he had paid to him the mortgage ? Clearly not! This, in substance, is what the defendant insisted on'after he bought the mortgage. He seized the slave to satisfy it,, and the plaintiff could have at once removed the difficulty by paying the mortgage. He chose to pursue a different course; he suffered the slave to be sold, and if he has sustained loss by it, it is the effect of his own folly.
It has been supposed that the defendant’s purchase of the mortgage and subsequent absolute purchase, must inure'to the benefit of the plaintiff on account of the previous agency. This view is, I think, answered by the views already presented. But independent of them a trust cannot be set up at law. If the defendant’s purchase is to be affected by the relation between the parties, that belongs to another Court to say so.
The motion is dismissed.